# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOHN V. SULLIVAN,<br>          Appellant, | DOCKET NUMBER<br>DC-0831-21-0314-I-1 |
|      v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>          Agency. | DATE: August 10, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Sullivan</u>, Springfield, Virginia, for the appellant.

<u>Tanisha Elliott Evans</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the reconsideration decision of the Office of Personnel Management (OPM) affirming an OPM initial decision that calculated the appellant's survivor annuity as 50% of his annuity. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency's petition for review and VACATE and REVERSE the initial decision, finding that OPM's calculation of the appellant's survivor annuity as 50% of his annuity was correct.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant, who had been covered by the Civil Service Retirement System (CSRS) for over 28 years before electing Federal Employee Retirement System (FERS) coverage in 1998, retired from Federal service in 2012[2] and began receiving an annuity.  Initial Appeal File (IAF), Tab 6 at 23, 43-50.  His annuity was reduced by 10% pursuant to his election of a maximum survivor annuity for his spouse, as required under the FERS provision codified at 5 U.S.C. § 8419(a)(1).  *Id.* at 23, 43, 46.  After OPM informed him that the survivor annuity he had provided for would be calculated as 50% of his unreduced gross annuity, the appellant replied that the survivor annuity should instead be calculated by applying the 55% rate for survivor annuities under CSRS and the 50% rate for survivors annuities under FERS in proportion to his respective years of employment under those two systems, which would yield a higher sum than that derived by OPM.  *Id.* at 38-42.  OPM issued the appellant an initial decision confirming that as a "FERS case with a CSRS component," the survivor annuity was appropriately calculated as 50% of his basic annuity.[3]  *Id.* at 23-24.  The appellant requested reconsideration, and OPM affirmed its initial decision in a reconsideration decision which the appellant appealed to the Board, declining a hearing.  *Id.* at 9-11, 22; IAF, Tab 1 at 2.

---

[2] Though the initial decision incorrectly stated that the appellant retired in 2013, Initial Appeal File, Tab 16, Initial Decision at 2, this error is immaterial to the outcome of the appeal.

[3] OPM issued a separate initial decision, which is not at issue in this appeal, pertaining to the effect of cost-of-living adjustments on the potential survivor annuity based on the appellant's service.  IAF, Tab 6 at 37.

¶3      During the appeal, the appellant cited 5 C.F.R. § 846.304(a)(1) and (2), which cover the computation of FERS annuities for persons with CSRS service, to support his argument that OPM was required to apply the CSRS survivor annuity provisions, including the 55% rate, to the CSRS component of his service. IAF, Tab 13 at 4-8. The administrative judge agreed and reversed OPM's reconsideration decision in the Board's initial decision. IAF, Tab 16, Initial Decision (ID) at 9, 12.

¶4      In its petition for review, OPM argues, among other things, that the Board's initial decision conflicts with provisions of the Federal Employees' Retirement System Act of 1986 (FERSA), 5 U.S.C. § 8331 note, including § 302(a)(4) of FERSA, which excludes the application of 5 U.S.C. § 8339(j)—a provision setting forth annuity reductions to provide for survivor annuities under CSRS—from the computation of annuities of CSRS-covered individuals electing FERS coverage. Petition for Review (PFR) File, Tab 1 at 5, 15-16 (citing Pub. L. No. 99-335, § 302(a), (a)(4), 100 Stat. 514, 601, 603 (1986)). The appellant filed a response arguing, among other things, that OPM's argument invoking FERSA erroneously "conflates" the annuity reduction for a CSRS survivor annuity in 5 U.S.C. § 8339(j) with the 55% CSRS survivor annuity rate, which FERSA does not exclude from the computation of the survivor annuity based on his service. PFR File, Tab 3 at 10-11.

OPM correctly applied the 50% FERS rate to compute the appellant's survivor annuity.

¶5      The parties' dispute centers on differing interpretations of regulations promulgated to implement FERSA—5 C.F.R. § 846.304(a)(1) and (2) in particular, *see* 52 Fed. Reg. 19232-33, 19237-38 (May 21, 1987)—which the parties do not dispute apply to the appellant's election of FERS coverage in 1998. PFR File, Tab 1 at 8-9, Tab 3 at 7-8. Subsection (a)(1) of 5 C.F.R. § 846.304 states that the basic annuity of an employee who elected FERS coverage "is an amount equal to the sum of the accrued benefits under CSRS" and "the accrued

benefits under FERS . . . .”  Subsection (a)(2), meanwhile, states that the computation method described in subsection (a)(1) “is used in computing basic annuities . . . survivor annuities . . . and the basic annuities for disability retirement . . . .”

¶6        To reiterate, the appellant's argument—with which the administrative judge agreed—is that, just as 5 C.F.R. § 846.304(a)(1) requires that his basic annuity be computed with its CSRS and FERS components calculated under their respective statutes, 5 C.F.R. § 846.304(a)(2) requires that the survivor annuity based on his service be computed with the portion accrued while he was covered by CSRS calculated using the 55% rate for CSRS survivor annuities, and the portion accrued while he was covered by FERS calculated using the 50% rate for FERS survivor annuities.  PFR File, Tab 3 at 4-5; ID at 9.  However, the appellant's and administrative judge's interpretation of 5 C.F.R. § 846.304(a) must fail because it contradicts applicable provisions of FERSA.

¶7        Within § 302 of FERSA, which covers the effects of an election to become subject to FERS, § 302(a) states that “[a]ll provisions” of the U.S. Code covering FERS “including those relating to . . . survivor benefits, and any reductions to provide for survivor benefits” shall apply to any individual who elects FERS coverage, unless the FERS statutes are inconsistent with provisions articulated elsewhere in § 302(a).  One such provision under § 302(a) which restores the applicability of the CSRS statutes is § 302(a)(3)(A)(i), which provides that, if an individual electing coverage under FERS becomes entitled to an annuity or dies leaving a survivor entitled to benefits, the individual's annuity “shall be equal to the sum of the individual's accrued benefits under [CSRS] (as determined under [§ 302(a)(4)]) and the individual's accrued benefits under [FERS] (as determined under [§ 302(a)(5)]).”  Based on their similarity in language and effect, this is clearly the statutory provision which 5 C.F.R. § 846.304(a)(1) was promulgated to implement.

¶8 Section 302(a)(4) of FERSA, in turn, states in relevant part that "[a]ccrued benefits under this paragraph shall be computed in accordance with applicable provisions" of the U.S. Code covering CSRS, "but without regard to" 5 U.S.C. § 8339(j). Section 8339(j)(1) provides for a reduction in a CSRS annuity "in order to provide a survivor annuity" under 5 U.S.C. § 8341(b) at 55% of the decedent's annuity. Thus, because § 302(a)(4) of FERSA declares the funding mechanism in 5 U.S.C. § 8339(j) for a CSRS survivor's annuity inapplicable to individuals electing FERS coverage, a survivor annuity based on the 55% rate under 5 U.S.C. § 8341(b) cannot be "provided" for the appellant's spouse.

¶9 It is not possible to read the described exclusion of 5 U.S.C. § 8339(j) in § 302(a)(4) of FERSA as anything other than providing that, for CSRS-covered individuals electing FERS coverage, CSRS survivor annuities under 5 U.S.C. § 8341(b)—including the 55% rate—are not available. If 5 U.S.C. § 8339(j)(1) is insufficiently descriptive as to the purpose of the annuity reduction it prescribes, 5 U.S.C. § 8339(j)(5)(A) and (B) sets forth the circumstances for the termination of "[a]ny reduction in an annuity for the purpose of providing a survivor annuity" for an annuitant's current or former spouse, respectively. Thus, having found that CSRS statutes covering the calculation of survivor annuities do not apply to CSRS-covered individuals electing FERS coverage, we are left with the statement in § 302(a) of FERSA—that FERS statutes relating to survivor benefits and reductions to provide for survivor benefits shall apply to such individuals. Adopting the appellant's position that reductions to an annuity made "in order to provide" a CSRS survivor annuity should not be "conflated" with the 55% CSRS survivor annuity rate would ignore the interdependence that 5 U.S.C. § 8339(j) establishes between those elements, and afford his survivor a windfall that, being contrary to statute, we are without authority to permit. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990) ("[P]ayments of money from the Federal Treasury are limited to those authorized by statute . . . .").

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.